
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTEL S. DEFREES,

           Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

           Defendant-Appellee.

No.    15-17122

D.C. No. 2:15-cv-00339-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 20, 2017[**]

Before:  GOODWIN, LEAVY and SILVERMAN.  Circuit Judges.

    Kristel S. Defrees appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Defrees's applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act.  Defrees contends that the administrative law judge ("ALJ")

erred in giving little weight to the medical opinion of examining physician

Jonathan Murphy, M.D.  We have jurisdiction under 28 U.S.C. § 1291.  We review

the district court's order de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir.

2012), and we affirm.

As an initial matter, contrary to Defrees's contention that Dr. Murphy's

opinion was uncontradicted, Dr. Robert Quinones appears to have contradicted Dr.

Murphy when he disagreed with Dr. Murphy's assessment and concluded that

Defrees was not disabled.  Moreover, even if Dr. Murphy's opinion is deemed

uncontradicted, the ALJ's reasons for rejecting his opinion also meet the higher

"clear and convincing" standard.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1996).

First, the ALJ reasonably discounted Dr. Murphy's opinion because his

finding of extreme fatigue and disability was inconsistent with his own clinical

findings.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.

2004) (ALJ may reject a doctor's opinion if it is inconsistent with that doctor's

clinical findings).  Second, the ALJ reasonably found that Dr. Murphy's exam

findings were inconsistent with other medical evidence, namely Nurse Dana

Rosdahl's observations of Defrees.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041

(9th Cir. 2008) (ALJ may reject a physician's opinion that is inconsistent with medical records). Although the ALJ improperly relied on Nurse Rosdahl's statement that Defrees had "found a doctor [Dr. Murphy] to sign off on her disability paperwork . . . and he will sign off on everything," *see Lester*, 81 F.3d at 832 (ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits"), this is harmless error because the ALJ proffered other legitimate reasons for discounting Dr. Murphy's opinion, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

**AFFIRMED.**